IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Maritza Dominguez Braswell**

Civil Action No. 22–cv–00572–CNS–MDB

HARIT UMESH VORA,

    Plaintiff,

v.

KEITH DIONNE, Casma Therapeutics CEO, and
MARK LEVIN, Founder Third Rock Ventures,

    Defendants.

## ORDER

This matter is before the Court on the "Motion of Defendants to Stay Case Deadlines and Discovery Pending Resolution of Defendants' Motion to Dismiss." (["Motion"], Doc. No. 46.) Plaintiff has responded in opposition to the Motion, and Defendants have replied. (["Response"], Doc. No. 53; ["Reply"], Doc. No. 58.) For the following reasons, the Motion is **GRANTED**.

## STATEMENT OF THE CASE

*Pro se* Plaintiff Harit Umesh Vora[1] brings this diversity action against Defendants Keith Dionne and Mark Levin, alleging misconduct in connection with various employment contracts. (Doc. No. 1.) According to the Complaint, Plaintiff worked for nonparty Casma Therapeutics, as

---

[1] Mindful of Plaintiff's *pro se* status, the Court "review[s] his pleadings and other papers liberally and hold[s] them to a less stringent standard than those drafted by attorneys." *Trackwell v. United States*, 472 F.3d 1242, 1243 (10th Cir. 2007) (citations omitted); *see Haines v. Kerner*, 404 U.S. 519, 520–21 (1972) (holding the allegations of a *pro se* complaint "to less stringent standards than formal pleadings drafted by lawyers").

a Principal Scientist, for a period of seven or eight months, in 2019 or thereabouts. (*Id.* at 4, 9.) Plaintiff alleges that, during that time, Defendants, both of whom are in some way affiliated with Casma Therapeutics, pressured him to "break his prior non-competes with his former employers," and then retaliated against him when he refused to do so. (*Id.* at 4-7.) Plaintiff further alleges that, after he resigned from Casma Therapeutics, Defendants unlawfully sought to enforce certain "vague non-compete (non-solicitation) covenants" against him, which "violated [his] constitutional rights by robbing him of his legal due process," and which caused him to be "blacklisted from his profession." (*Id.* at 7-11.)

Based on these allegations, on March 7, 2022, Plaintiff commenced this lawsuit against Defendants, asserting five causes of action: (1) "Attempts at forced contractual violation with former employers non-compete and non-solicitation;" (2) "The false execution of a non-solicitation clause against the Plaintiff;" (3) "Constitutional;" (4) "Arbitration;" and (5) "Jurisdictional Requests." (*Id.* at 4-11.) In the Complaint, Plaintiff requests monetary damages, as well as several forms of injunctive relief. (*Id.* at 10-12.)

On July 8, 2022, Defendants responded to Plaintiff's allegations against them by filing a motion to dismiss the case, in its entirety, pursuant to Federal Rule of Civil Procedure 12(b)(2), for lack of personal jurisdiction, and pursuant to Federal Rule of Civil Procedure 12(b)(6), for failure to state a claim. (Doc. No. 27.) Seven weeks later, on August 26, 2022, Defendants filed the present Motion, asking that discovery in this matter be stayed, pending resolution of the motion to dismiss. (Doc. No. 46.) Defendants argue that a discovery stay is warranted here, because their motion to dismiss seeks dismissal of the entire case on jurisdictional grounds. (*Id.*

at ¶¶ 4-6.) Defendants contend, specifically, that they should not be forced "to engage in discovery in a state that does not have personal jurisdiction over them." (*Id.* at ¶ 5.)

On September 26, 2022, Plaintiff filed a response to Defendants' motion to stay, asserting that the "validity" of his claims "cannot be substantiated without discovery." (Doc. No. 53 at ¶ 5.) Plaintiff argues that "discovery supporting jurisdiction," in particular, should proceed, so that the parties may "reach closure" in this case. (*Id.* at ¶ 8.) In addition, Plaintiff argues that all relevant factors "favor moving forward with discovery." (*Id.* at ¶ 6.)

## STANDARD OF REVIEW

The Federal Rules of Civil Procedure do not expressly provide for a stay of proceedings. Rule 26(c), however, permits a court to "make an order which justice requires to protect a party . . . from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c). Further, "[t]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254-55 (1936) (citing *Kan. City S. Ry. Co. v. United States*, 282 U.S. 760, 763 (1931)).

In this District, a stay of discovery is generally disfavored. *See, e.g.*, *LS3, Inc. v. Cherokee Fed. Sols., LLC*, No. 1:20-cv-03555-PAB-NYW, 2021 WL 4947284, at *2 (D. Colo. Aug. 26, 2021); *Gold, Inc. v. H.I.S. Juveniles, Inc.*, No. 14-cv-02298-RM-KMT, 2015 WL 1650900, at *1 (D. Colo. April 8, 2015); *Rocha v. CCF Admin.*, No. 09-cv-01432-CMA-MEH, 2010 WL 291966, at *1 (D. Colo. Jan. 20, 2010). Nevertheless, the decision whether to stay discovery rests firmly within the sound discretion of the Court. *United Steelworkers of Am. v. Or. Steel Mills, Inc.*, 322 F.3d 1222, 1227 (10th Cir. 2003) (quoting *Landis*, 299 U.S. at 254).

In ruling on a motion to stay discovery, five factors are generally considered: "(1) [the] plaintiff's interests in proceeding expeditiously with the civil action and the potential prejudice to [the] plaintiff of a delay; (2) the burden on the defendants; (3) the convenience to the court; (4) the interests of persons not parties to the civil litigation; and (5) the public interest." *String Cheese Incident, LLC v. Stylus Shows, Inc.*, No. 02-cv-01934, 2006 WL 8949955, at *2 (D. Colo. Mar. 30, 2006); *see United Steelworkers*, 322 F.3d at 1227. Further, "a court may decide that in a particular case it would be wise to stay discovery on the merits until [certain challenges] have been resolved." 8A CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 2040, at 198 (3d ed. 2010); *see, e.g.*, *Burkitt v. Pomeroy*, No. 15-cv-02386-MSK-KLM, 2016 WL 696107, at *3 (D. Colo. Feb. 22, 2016) (observing that a stay may be appropriate pending the resolution of a motion to dismiss impacting immunity or jurisdictional issues).

## ANALYSIS

### I. Prejudice to the Plaintiffs

Here, as to the first factor, Plaintiff argues that, although he "is currently gainfully employed and paid on an hourly wage," he "does not have the resources to delay discovery, or a decision by the court as it pertains to this [case]." (Doc. No. 53 at ¶ 6(a).) However, Plaintiff provides no further elaboration as to how a temporary stay of this case would be financially burdensome. Indeed, discovery itself can be resource-intensive and result in time away from Plaintiff's hourly work. Moreover, to the extent that Plaintiff suggests that he needs to move the case forward to recover damages sooner, Plaintiff is assuming what the Court cannot assume—that he will prevail on the pending motion to dismiss and on the merits of the case. Because

Plaintiff has not identified any other particular prejudice he might suffer from the imposition of a stay, the Court finds the first factor to be neutral. *See Barrington v. United Airlines, Inc.*, 565 F. Supp. 3d 1213, 1217 (D. Colo. 2021) (finding the first factor to be neutral, where the plaintiff identified no specific prejudice arising from the imposition of a stay).

## II. Burden to Defendants

Turning to the second factor, Defendants argue that they would be significantly burdened by moving forward with discovery, primarily because they have filed a motion to dismiss for lack of personal jurisdiction. (Doc. No. 46 at ¶¶ 4-5.) Defendants stress that they are both "individuals who reside and work in Massachusetts," and they contend that they should not be "required to engage in discovery in a state that does not have personal jurisdiction over them." (*Id.* at ¶ 5.) Plaintiff, in response, argues that Defendants have "failed to provide any logic as to why a parallel discovery effort . . . is a burden for them or the court." (Doc. No. 53 at ¶ 5(a).)

As to this factor, it must be stressed, first, that a stay is not warranted merely by virtue of a defendant's filing of a purportedly dispositive motion to dismiss. *See PopSockets LLC v. Online King LLC*, No. 19-cv-01277-CMA-NYW, 2019 WL 5101399, at *3 (D. Colo. Oct. 11, 2019); *Church Mut. Ins. Co. v. Coutu*, No. 17-CV-00209-RM-NYW, 2017 WL 3283090, at *3 (D. Colo. Aug. 2, 2017) ("[N]o element of the *String Cheese* factors requires that this court make a preliminary determination as to the likelihood of success of either the dispositive motion or the ultimate merits of the case."). With that being said, the Court finds that the second factor does support the imposition of a brief stay pending resolution of Defendants' motion to dismiss, particularly given that the motion raises a threshold jurisdictional challenge to the entire case. *See Burkitt v. Pomeroy*, No. 15-cv-02386-MSK-KLM, 2016 WL 696107, at *1 (D. Colo. Feb.

5

22, 2016) ("Questions of jurisdiction . . . should be resolved at the earliest stages of litigation, so as to conserve the time and resources of the Court and the parties."); *Sallie v. Spanish Basketball Fed'n*, No. 12-cv-01095-REB-KMT, 2013 WL 5253028, at *2 (D. Colo. Sept. 17, 2013) ("Courts have recognized that a stay is warranted while the issue of jurisdiction is being resolved."); *see also Morrill v. Stefani*, No. 17-cv-00123-WJM-KMT, 2017 WL 1134767, at *2 (D. Colo. Mar. 13, 2017) (finding the plaintiff's interest in proceeding expeditiously with the case to be overcome by the potential burden to the defendants "if they were forced to proceed with discovery only to have the case dismissed for lack of jurisdiction"). Specifically, Defendants have moved to dismiss this case, in its entirety, for a lack of personal jurisdiction. *See String Cheese Incident, LLC v. Stylus Shows, Inc.*, No. 02-cv-01934-LTB-PAB, 2006 WL 894955, at *2 (D. Colo. Mar. 30, 2006) ("[S]ubjecting a party to discovery when a motion to dismiss for lack of personal jurisdiction is pending may subject him to undue burden or expense, particularly if the motion to dismiss is later granted."); *Aurora Bank FSB v. Network Mortg. Servs., Inc.*, No. 13-cv-00047-PAB-KLM, 2013 WL 3146972, at *2 (D. Colo. June 19, 2013) (finding the second factor to weigh in favor of a discovery stay, where the case was "in the very early stages," and the pending motion to dismiss alleged a lack of personal jurisdiction over the defendant). Thus, given the nature of the pending motion to dismiss, requiring the parties to submit to full discovery at this time would potentially subject Defendants to undue burden and expense, especially if this case is ultimately dismissed and/or refiled in another forum with incongruent discovery obligations. *See E.I. Du Pont De Nemours & Co. v. Teflon Blood, Inc.*, No. 09-cv-02717-WDM-KMT, 2010 WL 1957306, at *2 (D. Colo. May 13, 2010) ("[I]f the district court were to conclude that this court has no personal jurisdiction over Defendant after

this court required the parties to conduct discovery, then Defendant would likely be irreparably prejudiced by having engaged in expensive and burdensome discovery in a court that had no jurisdiction over it."). Accordingly, the second factor weighs strongly in favor of a stay.

To the extent that Plaintiff argues that limited jurisdictional discovery should nevertheless proceed (Doc. No. 58 at ¶¶ 5(b), 7-8), he has not explained how jurisdictional discovery is necessary to resolve the pending motion to dismiss, or how the lack of such discovery would otherwise affect the outcome of this case. *See Gas Sensing Tech. Corp. v. Ashton*, 795 F. App'x 1010, 1017 (10th Cir. 2020) (observing that the party seeking jurisdictional discovery has the burden to demonstrate entitlement to, and prejudice from, the denial of discovery); *see also Nw. Building Components, Inc. v. Adams*, No. 22-cv-00790-CMA-KLM, 2022 WL 1165775, at *3 (D. Colo. Apr. 20, 2022) (granting a motion to stay pending a ruling on a motion to dismiss for lack of personal jurisdiction, and declining to order jurisdictional discovery under similar circumstances). Moreover, having reviewed the entire case file, the Court finds that no further discovery is needed or warranted to resolve Defendants' motion to dismiss, which is fully briefed and ripe for resolution. *See Bell Helicopter Textron, Inc. v. Heliqwest Int'l, Ltd.*, 385 F.3d 1291, 1299 (10th Cir. 2004) (finding no abuse of discretion in the district court's denial of the plaintiff's requests to conduct limited jurisdictional discovery, given "the very low probability" that the lack of discovery affected the outcome of the case). As such, the Court does not find limited jurisdictional discovery to be appropriate or warranted here.

### III. Remaining Factors

Looking to the remaining *String Cheese Incident* factors, the third "court convenience" factor weighs in favor of stay. Indeed, judicial economy and resources would plainly be wasted if

7

the Court allowed discovery to proceed, only to later determine that this case must be dismissed for a lack of personal jurisdiction. *See Skyline Potato Co. v. Rogers Bros. Farms, Inc.*, No. 10-cv-02353-WJM-KLM, 2011 WL 587962, at *2 (D. Colo. Feb. 10, 2011) ("[T]he Court notes that neither its nor the parties' time is well-served by being involved in the 'struggle of the substance of suit' when potentially dispositive issues are adjudicated at the outset of a case."). The fourth factor also supports the imposition of a stay, given that Plaintiff's briefing identifies numerous anticipated third-party deponents. (Doc. No. 53 at ¶ 6(b) ("Third Rock Ventures" and "Casma Therapeutics, A Third Rock Company"), ¶ 6(d) ("Other Non-Parties can include [Defendants'] investors, board members, employees (former or current), collaborators, contract research organizations, or any third party as would be associated with the complaint[.]"), ¶ 12 ("CSO, Dr. Leon Murphy, Vice President of Research Dr. Jeff Saunders, Director Dr. Daniel Baird, [and] Senior Scientist Dr, Dan Egan")); *see Hay v. Family Tree, Inc.*, No. 16-cv-03143-CMA-KLM, 2017 WL 2459777, at *2 (D. Colo. June 6, 2017) (finding the fourth factor to weigh in favor of a stay, where discovery was likely to "involve significant efforts concerning others who are not parties to th[e] lawsuit"). As to the fifth factor, the general public's primary interest in this case is an efficient and just resolution. Avoiding wasteful efforts by the court and the litigants serves that purpose.

      On this record, then, having weighed the appropriate factors, the Court finds that a stay of discovery is warranted in this case.

## CONCLUSION

For the foregoing reasons, **IT IS ORDERED THAT**:

(1) The "Motion of Defendants to Stay Case Deadlines and Discovery Pending Resolution of Defendants' Motion to Dismiss" (Doc. No. 46) is **GRANTED**.

(2) Discovery in this matter is **STAYED** pending a ruling on Defendants' motion to dismiss (Doc. No. 27).

(3) The parties **SHALL** file a joint status report within ten days of a final ruling on the outstanding motion to dismiss, if any portion of the case remains, to advise whether a scheduling conference should be set.

(4) The Clerk is hereby directed to send a copy of this Order to:

Harit Umesh Vora
1213 Davidson Drive, Apt. S09
Fort Collins, CO 80526.

DATED: October 26, 2022.

BY THE COURT:

Maritza Dominguez Braswell
United States Magistrate Judge