IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 22–cv–00572–CNS–MDB

HARIT UMESH VORA,

    Plaintiff,

v.

KEITH DIONNE, Casma Therapeutics CEO, and
MARK LEVIN, Founder Third Rock Ventures,

    Defendants.

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

**Magistrate Judge Maritza Dominguez Braswell**

This matter is before the Court on "Defendants' Motion to Dismiss the Complaint and Incorporated Memorandum of Law." (["Motion"], Doc. No. 27.) Plaintiff has responded in opposition to the Motion, and Defendants have replied. (["Response"], Doc. No. 41; ["Reply"], Doc. No. 42.) The Motion has been referred to the undersigned, pursuant to 28 U.S.C. § 636(b)(1) and D.C.COLO.LCivR 72.1, for a recommendation regarding disposition. (Doc. No. 28; *see* Doc. No. 39.) The Court has reviewed the briefs, the case file, and the applicable law. For the reasons set forth below, the Court **RECOMMENDS** that the Motion be **GRANTED**, and that this case be **DISMISSED**.

### SUMMARY FOR *PRO SE* PLAINTIFF

The Court is recommending dismissal for lack of personal jurisdiction. An out-of-state defendant must have sufficient contacts with the State of Colorado before that defendant can be

required to appear in a Colorado court. The law provides that a defendant's relationship with, or link to, a plaintiff is not enough for the Court to find personal jurisdiction over that defendant. Because your complaint does not establish that Keith Dionne and Mark Levin had the required contacts with the State of Colorado, the Court is recommending that this case be dismissed, without prejudice. This is only a high-level summary of the Court's decision. The complete decision is set forth below, including information about your right to object to this Recommendation within a set period of time.

## STATEMENT OF THE CASE

*Pro se* Plaintiff Harit Umesh Vora brings this diversity action against Defendants Keith Dionne and Mark Levin, alleging misconduct in connection with various employment contracts. (Doc. No. 1.) According to the Complaint, Mr. Vora worked for nonparty Casma Therapeutics, as a Principal Scientist, for a period of seven or eight months, in 2019 or thereabouts. (*Id.* at 4, 9.) Mr. Vora alleges that, during that time, Defendants, both of whom are in some way affiliated with Casma Therapeutics, pressured him to "break his prior non-competes with his former employers," and then retaliated against him when he refused to do so. (*Id.* at 4-7.) Mr. Vora further alleges that, after he resigned from Casma Therapeutics, Defendants unlawfully sought to enforce certain "vague non-compete (non-solicitation) covenants" against him, which "violated [his] constitutional rights by robbing him of his legal due process," and which caused him to be "blacklisted from his profession." (*Id.* at 7-11.)

Based on these allegations, on March 7, 2022, Mr. Vora commenced this lawsuit, asserting five causes of action: (1) "Attempts at forced contractual violation with former employers non-compete and non-solicitation;" (2) "The false execution of a non-solicitation

clause against the Plaintiff;" (3) "Constitutional;" (4) "Arbitration;" and (5) "Jurisdictional Requests." (*Id.* at 4-11.) In the Complaint, Mr. Vora requests monetary damages, as well as several forms of injunctive relief. (*Id.* at 10-12.)

On July 8, 2022, Defendants responded to Mr. Vora's allegations by filing a motion to dismiss the case, in its entirety, pursuant to Federal Rule of Civil Procedure 12(b)(2), for lack of personal jurisdiction, and pursuant to Federal Rule of Civil Procedure 12(b)(6), for failure to state a claim. (Doc. No. 27.) Defendants argue, specifically, that they cannot be held subject to jurisdiction or liability in this case, because they are both "Massachusetts residents who own no property in Colorado, have no personal residence or business office in Colorado, and conduct no regular business in Colorado—and the Complaint otherwise fails to state a claim for relief." (*Id.* at 1-2.)

## STANDARDS OF REVIEW

### I.     Federal Rule of Civil Procedure 12(b)(2)

The Court begins with Defendants' argument that this case should be dismissed, in its entirety, for lack of personal jurisdiction. *See Steel Co. v. Citizens for Better Env't*, 523 U.S. 83, 93-102 (1998) (clarifying that a federal court generally may not rule on the merits of a case without first determining that it has jurisdiction over the category of claim in suit (subject matter jurisdiction) and the parties (personal jurisdiction)).

Federal Rule of Civil Procedure 12(b)(2) ["Rule 12(b)(2)"] authorizes the dismissal of a complaint for lack of personal jurisdiction. When a defendant files a motion to dismiss under Rule 12(b)(2), the plaintiff bears the burden of establishing personal jurisdiction over that defendant. *OMI Holdings, Inc. v. Royal Ins. Co. of Canada*, 149 F.3d 1086, 1091 (10th Cir.

1998) (citation omitted). Where, as here, the Court does not conduct an evidentiary hearing, the plaintiff need only make a *prima facie* showing to defeat the motion. *Old Republic Ins. Co. v. Cont'l Motors, Inc.*, 877 F.3d 895, 903 (10th Cir. 2017) (citation omitted). The plaintiff "must make this showing with respect to each of the claims alleged." *Dental Dynamics, LLC v. Jolly Dental Grp., LLC*, 946 F.3d 1223, 1228 (10th Cir. 2020) (citation omitted). In evaluating whether the plaintiff has made a *prima facie* showing that personal jurisdiction exists, the Court accepts the well-pleaded allegations of the complaint as true. *Wenz v. Memery Crystal*, 55 F.3d 1503, 1505 (10th Cir. 1995) (citations omitted). If the presence or absence of personal jurisdiction can be established by reference to the complaint alone, the Court need not look further. The plaintiff, however, may also make a *prima facie* showing "through affidavits or other written materials." *Dental Dynamics*, 946 F.3d at 1228 (citing *AST Sports Science, Inc. v. CLF Distrib. Ltd.*, 514 F.3d 1054, 1057 (10th Cir. 2008)). "If the parties present conflicting affidavits, all factual disputes must be resolved in the plaintiff's favor, and the plaintiff's *prima facie* showing is sufficient notwithstanding the contrary presentation by the moving party." *Wenz*, 55 F.3d at 1505 (quoting *Behagen v. Amateur Basketball Ass'n of U.S.A.*, 744 F.2d 731, 733 (10th Cir. 1984)) (internal quotation marks omitted).

**II.     Legal Standard for *Pro Se* Plaintiff**

Plaintiff is proceeding *pro se*. The Court, therefore, "review[s] his pleadings and other papers liberally and hold[s] them to a less stringent standard than those drafted by attorneys." *Trackwell v. United States*, 472 F.3d 1242, 1243 (10th Cir. 2007) (citations omitted); *see Haines v. Kerner*, 404 U.S. 519, 520–21 (1972) (holding the allegations of a *pro se* complaint "to less stringent standards than formal pleadings drafted by lawyers"). This rule applies to all

4

proceedings involving *pro se* litigants. *Hall v. Bellmon,* 935 F.2d 1106, 1110 n.3 (10th Cir. 1991); *see, e.g.*, *Shell v. Am. Family Rights Ass'n*, 899 F. Supp. 2d 1035, 1044 n.2, 1048-54 (D. Colo. 2012) (liberally construing *pro se* pleadings in review of a Rule 12(b)(2) motion to dismiss). However, Plaintiff's *pro se* status does not vitiate his obligation to adhere to, and comply with, "the same rules of procedure that govern other litigants." *Nielsen v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994) (quoting *Green v. Dorrell*, 969 F.2d 915, 917 (10th Cir. 1992)); *Ogden v. San Juan Cnty.*, 32 F.3d 452, 455 (10th Cir. 1994) (stating that a *pro se* litigant must "comply with the fundamental requirements of the Federal Rules of Civil and Appellate Procedure"). Thus, while the Court makes "some allowances" for Plaintiff's "failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence structure, or his unfamiliarity with the pleading requirements," the Court will not "take on the responsibility of serving as [his] attorney in constructing arguments and searching the record." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005) (quoting *Hall,* 935 F.2d at 1110) (alteration omitted); *see also Drake v. City of Fort Collins*, 927 F.2d 1156, 1159 (10th Cir. 1991) (cautioning that the court may not "construct arguments or theories for the [*pro se*] plaintiff in the absence of any discussion of those issues").

## ANALYSIS

To establish personal jurisdiction over a nonresident defendant in a diversity action, a plaintiff must show: (1) that jurisdiction is legitimate under the laws of the forum state; and (2) that the exercise of jurisdiction does not offend the Fourteenth Amendment's Due Process Clause. *Dental Dynamics*, 946 F.3d at 1228 (citing *Walden v. Fiore*, 571 U.S. 277, 282 (2014)). Colorado's long-arm statute "confer[s] the maximum jurisdiction permitted by the due process

clauses of the United States and Colorado constitutions." *Archangel Diamond Corp. v. Lukoil*, 123 P.3d 1187, 1193 (Colo. 2005) (citing *Keefe v. Kirschenbaum & Kirschenbaum, P.C.*, 40 P.3d 1267, 1270 (Colo. 2002)); *accord Old Republic*, 877 F.3d at 903. Therefore, the jurisdictional analysis here reduces to a single inquiry of whether the exercise of personal jurisdiction over Defendants comports with the requirements of federal due process. *Old Republic*, 877 F.3d at 903. Federal law, rather than state law, guides this analysis. *Matthys v. Narconon Fresh Start*, 104 F. Supp. 3d 1191, 1198-99 (D. Colo. 2015).

"The Due Process Clause authorizes personal jurisdiction if two elements are met." *Dental Dynamics*, 946 F.3d at 1229. "First, a defendant must have 'purposefully established minimum contacts with the forum state.'" *Id.* (citing *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)). "Second, the assertion of personal jurisdiction must comport with traditional notions of fair play and substantial justice." *Id.* (citing *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 476 (1985)).

The "minimum contacts" requirement may be satisfied by showing either general jurisdiction or specific jurisdiction. *OMI Holdings*, 149 F.3d at 1090-91; *see also Old Republic*, 877 F.3d at 903 ("Depending on their relationship to the plaintiff's cause of action, an out-of-state defendant's contacts with the forum state may give rise to either general (all-purpose) jurisdiction or specific (case-linked) jurisdiction."). "General personal jurisdiction means that a court may exercise jurisdiction over an out-of-state party for all purposes." *Old Republic*, 877 F.3d at 903-04 (citing *Daimler AG v. Bauman*, 571 U.S. 117, 127 (2014)). "General jurisdiction arises where the defendant's contacts with the forum state are 'so continuous and systematic as to render [it] essentially at home' there." *C5 Med. Werks v. CeramTec GMBH*, 937 F.3d 1319,

6

1323 (10th Cir. 2019) (quoting *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011)) (alterations in original). Specific personal jurisdiction, by contrast, is "jurisdiction specific to this dispute." *Newsome v. Gallacher*, 722 F.3d 1257, 1264 (10th Cir. 2013). Specific jurisdiction "allows a court to exercise jurisdiction over an out-of-state defendant only for claims related to the defendant's contacts with the forum State." *XMission, L.C. v. Fluent LLC*, 955 F.3d 833, 840 (10th Cir. 2020) (citing *Old Republic*, 877 F.3d at 904). The Court addresses the applicability of each in turn.

I.  **General Jurisdiction**

To establish that a defendant is subject to a forum state's general jurisdiction, the plaintiff must demonstrate that the defendant's contacts with the forum state are sufficient to render the defendant "at home" in the forum state. *Goodyear*, 564 U.S. at 919. "For an individual, the paradigm forum for the exercise of general jurisdiction is the individual's domicile[.]" *Id.* at 924. An individual's domicile is the state in which the individual (1) resides; and (2) intends to remain indefinitely. *Crowley v. Glaze*, 710 F.2d 676, 678 (10th Cir. 1983).

Mr. Vora does not allege in his Complaint, nor argue in his Response, that either Defendant is "at home" in Colorado. (*See generally* Doc. Nos. 1, 41.) Indeed, Mr. Vora makes no allegations as to Defendants' respective domiciles, and he concedes in his Response that Defendants "resid[e] in a different forum" than Colorado. (Doc. No. 41 at 2.) Defendants, for their part, have submitted their own declarations, in which they each separately aver that they do not live, work, or own property in Colorado. (["Dionne Declaration"]. Doc. No. 27-1; ["Levin Declaration"], Doc. No. 27-2.) These jurisdictional facts are not contradicted by any allegation made, or evidence submitted, by Mr. Vora. (*See generally* Doc. Nos. 1, 41.) Accordingly, Mr.

Vora has failed to make a *prima facie* showing that either Defendant is subject to general jurisdiction in Colorado. *OMI Holdings*, 149 F.3d at 1091 (the burden of demonstrating personal jurisdiction over a defendant lies with the plaintiff); *see Dodson v. Bd. of Cnty. Comm'rs*, 878 F. Supp. 2d 1227, 1235 (D. Colo. 2012) ("*Pro se* status does not relieve Plaintiff of the duty to comply with . . . the requirements of the substantive law[.]").

## II.     Specific Jurisdiction

To establish specific personal jurisdiction over Defendants, Mr. Vora must first show that Defendants "purposefully directed" their activities towards Colorado. *Dental Dynamics*, 946 F.3d at 1229. Purposeful direction "requires actions by the Defendant[s] which 'create a substantial connection with the forum state.'" *OMI Holdings*, 149 F.3d at 1092 (quoting *Asahi Metal Indus. Co. v. Sup. Ct. of Calif., Solano Cnty.*, 480 U.S. 102, 109 (1987)). The Court "must examine the quantity *and* quality" of each Defendant's contacts with Colorado. *Id.* "The purpose of this requirement is to ensure that a defendant will not be subject to the laws of a jurisdiction solely as the result of random, fortuitous, or attenuated contacts, or of the unilateral activity of another party or a third person." *Emps. Mut. Cas. Co. v. Bartile Roofs, Inc.*, 618 F.3d 1153, 1160 (10th Cir. 2010) (quoting *AST Sports*, 514 F.3d at 1058) (alteration and internal quotation marks omitted).

In this case, the Complaint contains no allegations as to specific contacts that either Defendant had with Colorado. (*See generally* Doc. No. 1.) At best, Mr. Vora asserts that, after he quit his job with Casma Therapeutics and moved to Colorado to pursue other employment, Defendants continued to enforce the "non-compete and non-solicitation agreements" against him. (*Id.* at 10-11.) In his Response, Mr. Vora suggests that his own relocation to Colorado

8

establishes the minimum contacts necessary for the Court to exercise personal jurisdiction over Defendants in this case:

> [T]he Plaintiff physically occupying[] the State of Colorado having been employed by the Defendants[] in the State of Massachusetts, from approximately[] December 2018 to August 2019. The Defendant' [sic] has the right to sue his former employers through *Colorado's Long Arm Statute*, the Laws of the State of Massachusetts, *Massachusetts Noncompetition Agreement Act (MNAA)*, Laws of the State of Colorado C.R.S. § 8-2-113, and *United States of America, Article III § 2, Clause 1,* of the Constitution, based on the general claim.

(Doc. No. 41 at 2 (emphasis in original).) Mr. Vora goes on to assert that Defendants have "kept common contact" with him since he moved to Colorado, particularly "with regards to the transfer of intellectual property." (*Id.* at 8.) Mr. Vora asserts that "[t]he transfer of intellectual property was conducted through witnesses in the State of Colorado, having Colorado residency, and provided notarization with the seal stamp of Colorado." (*Id.*) He also asserts that, since he moved to Colorado, Defendants have sent him "official documents, used as evidence in a family matter case." (*Id.*)

Even construing these assertions liberally, they fail to show that either Defendant has the requisite minimum contacts with Colorado to support the exercise of specific jurisdiction over them in this case. Specifically, the mere fact that Mr. Vora himself lives in Colorado does not demonstrate that Mr. Dionne or Mr. Levin purposefully directed their own activities into Colorado. Indeed, while "a defendant's contacts with the forum State may be intertwined with his transactions or interactions with the plaintiff[,]" a defendant's relationship with the plaintiff, "standing alone, is an insufficient basis for jurisdiction." *Walden*, 571 U.S. at 286. Rather, the defendant's relationship with the forum state "must arise out of contacts that the 'defendant *himself*' creates with the forum State." *Id.* at 284 (quoting *Burger King*, 471 U.S. at 475)

(emphasis in original). It is well-settled that "the plaintiff cannot be the only link between the defendant and the forum." *Id.* at 285. None of the activities purportedly giving rise to the harm alleged by Mr. Vora here appears to have been directed at Colorado, and the mere fortuity that Mr. Vora resides in Colorado is insufficient to create personal jurisdiction. Accordingly, Mr. Vora has failed to make a *prima facie* showing that specific personal jurisdiction exists over Defendants in this case. *OMI Holdings*, 149 F.3d at 1091.

\* \* \*

On this record, then, Mr. Vora has not met his burden of demonstrating that this Court has personal jurisdiction over either Defendant. For that reason, this case should be dismissed without prejudice, pursuant to Rule 12(b)(2), for lack of personal jurisdiction. *See Hollander v. Sandoz Pharm. Corp.*, 289 F.3d 1193, 1216 (10th Cir. 2002) (stating that dismissal for lack of personal jurisdiction should be without prejudice). As such, there is no need to address Defendants' remaining arguments for dismissal.

## CONCLUSION

For the reasons set forth herein, this Court respectfully **RECOMMENDS** that:

(1) "Defendants' Motion to Dismiss the Complaint and Incorporated Memorandum of Law" (Doc. No. 27) be **GRANTED**.

(2) This case be **DISMISSED without prejudice** for lack of personal jurisdiction.

## ADVISEMENT TO THE PARTIES

Within fourteen days after service of a copy of the Recommendation, any party may serve and file written objections to the Magistrate Judge's proposed findings and recommendations with the Clerk of the United States District Court for the District of Colorado. 28 U.S.C. §

636(b)(1); Fed. R. Civ. P. 72(b); *In re Griego*, 64 F.3d 580, 583 (10th Cir. 1995). A general objection that does not put the district court on notice of the basis for the objection will not preserve the objection for *de novo* review. "[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review." *United States v. One Parcel of Real Prop. Known As 2121 East 30th Street, Tulsa, Okla.*, 73 F.3d 1057, 1060 (10th Cir. 1996). Failure to make timely objections may bar *de novo* review by the district judge of the magistrate judge's proposed findings and recommendations and will result in a waiver of the right to appeal from a judgment of the district court based on the proposed findings and recommendations of the magistrate judge. *See Vega v. Suthers*, 195 F.3d 573, 579-80 (10th Cir. 1999) (a district court's decision to review a magistrate judge's recommendation *de novo* despite the lack of an objection does not preclude application of the "firm waiver rule"); *One Parcel of Real Prop.*, 73 F.3d at 1059-60 (a party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for *de novo* review by the district court or for appellate review); *Int'l Surplus Lines Ins. Co. v. Wyo. Coal Ref. Sys., Inc.*, 52 F.3d 901, 904 (10th Cir. 1995) (by failing to object to certain portions of the magistrate judge's order, cross-claimant had waived its right to appeal those portions of the ruling); *Ayala v. United States*, 980 F.2d 1342, 1352 (10th Cir. 1992) (by their failure to file objections, plaintiffs waived their right to appeal

the magistrate judge's ruling); *but see, Morales-Fernandez v. INS*, 418 F.3d 1116, 1122 (10th Cir. 2005) (firm waiver rule does not apply when the interests of justice require review).

**DATED**: February 6, 2023.

BY THE COURT:

Maritza Dominguez Braswell
United States Magistrate Judge