IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Charlotte N. Sweeney

Civil Action No. 1:22-cv-00572-CNS-MDB

HARIT UMESH VORA,

    Plaintiff,

v.

KEITH DIONNE, Casma Therapeutics, CEO and
MARK LEVIN, Third Rock Ventures, Founder,

    Defendants.

## ORDER

Before the Court is the Recommendation by United States Magistrate Judge Maritza Dominguez Braswell (ECF No. 61), recommending that Defendants' Motion to Dismiss the Complaint (ECF No. 27) be GRANTED, and Plaintiff Harit Umesh Vora's Objection (ECF No. 64) to the Recommendation.[1] For the following reasons, the Court AFFIRMS and ADOPTS the Recommendation, and OVERRULES MR. Vora's Objection.

### I. SUMMARY OF ANALYSIS FOR PRO SE PLAINTIFF

The Magistrate Judge recommended dismissing your claims on the grounds that you failed to show that the Court has jurisdiction over either Defendant in this action. You filed an Objection to the Magistrate Judge's Recommendation. In your Objection, you did not adequately address the

---

[1] Although Mr. Vora styles his Objection as a "Response to the Recommendation by the Magistrate Judge," the Court construes his filing as an Objection to the Recommendation.

1

reasons why the Magistrate Judge recommended dismissing your claims against Defendants. Instead, you made arguments that were unrelated to the Magistrate Judge's reasoning as to why the Court should grant Defendants' Motion to Dismiss, and other arguments that were not sufficiently specific. Because you did not adequately respond to the Magistrate Judge's specific reasons for recommending dismissal of your claims, the Court overrules your Objection and affirms the Magistrate Judge's Recommendation.

## II. STANDARD OF REVIEW

When a magistrate judge issues a recommendation on a dispositive matter, Federal Rule of Civil Procedure 72(b)(3) requires that the district judge "determine de novo any part of the magistrate judge's [recommendation] that has been properly objected to." An objection to a recommendation is properly made if it is both timely and specific. *United States v. 2121 East 30th St.*, 73 F.3d 1057, 1059–60 (10th Cir. 1996). An objection is sufficiently specific if it "enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute." *Id*. at 1059. In conducting its review, "[t]he district judge may accept, reject, or modify the [recommendation]; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3).

The Magistrate Judge recommended dismissing Mr. Vora's claims for lack of personal jurisdiction (ECF No. 61 at 1, 7-10). Mr. Vora mounts several arguments in his Objection to the Magistrate Judge's Order regarding the merits of his claims. For instance, Mr. Vora contends that "evidence provided to the court" supports "a claim for tortious interference, and that the "Sworn Affidavit" allows the Court to "obtain a prima facie case [of] the 10th District, under the Equal Protection Clause" (*id.* at 5, 11). However, arguments regarding the merits of his claims are not

responsive to the Magistrate Judge's personal jurisdictional analysis, and therefore do not trigger de novo review of the Magistrate Judge's Recommendation. *See 2121 East 30th Street*, 73 F.3d at 1060. Notably, because the Magistrate Judge concluded that dismissal on jurisdictional grounds was appropriate, she declined to address Defendants' remaining arguments for dismissal and did not render any recommendation regarding the merits of Mr. Vora's claims (ECF No. 61 at 10).

Mr. Vora also makes a few cursory references to jurisdiction in his Objection. For example, Mr. Vora mentions "Colorado's Long Arm Statute" and its relationship to the "10th District's, minimum contacts' provision;" contends that affidavits and pleadings before the Court "result in jurisdiction to the Plaintiff;" and argues that the "fundamental question is whether" Colorado's long-arm statute "as it pertains to 'substantial justice and fair play,' as it relates to the Defendants', permissive counterclaim, as minimum contacts, are inversely related to due process considerations" (*id.* at 10-11, 13). Even construing Mr. Vora's Objection liberally, *see Trackwell v. U.S. Gov't*, 472 F.3d 1242, 1243 (10th Cir. 2007), his cursory and passing mention of the relevant legal standards are not enough to constitute a sufficiently specific objection to the Magistrate Judge's personal jurisdiction analysis. *See Robledo-Valdez v. Colorado Dep't of Corr.*, No. 21-CV-3491-WJM-STV, 2022 WL 17729707, at *2 (D. Colo. Dec. 16, 2022) ("An objection to a recommendation is properly made if it is both timely *and specific*." (citation omitted)). Mr. Vora failed to identify any specific instance in which the Magistrate Judge erred and fails to challenge any of her thorough analysis regarding the lack of personal jurisdiction in this case. Absent a sufficiently specific objection to the Magistrate Judge's analysis, the Court concludes that the Magistrate Judge's analysis was comprehensive, well-reasoned, an discerns no clear error on the face of the record. For this reason, affirmance is proper.

3

### III. CONCLUSION

Consistent with the above analysis, the Court AFFIRMS and ADOPTS the Magistrate Judge's Recommendation (ECF No. 61) as an Order of this Court. Mr. Vora's Objection (ECF No. 64) is OVERRULED. Defendants' Motion to Dismiss the Complaint (ECF No. 27) is GRANTED. Mr. Vora's claims are DISMISSED WITHOUT PREJUDICE.[2]

DATED this 10th day of March 2023.

BY THE COURT:

_____
Charlotte N. Sweeney
United States District Judge

---

[2] The Court notes that Mr. Vora has filed several motions for leave to restrict (ECF Nos. 65 and 68). For the reasons set forth above, the Court overrules Mr. Vora's Objections on specificity grounds under Federal Rule of Civil Procedure 72—not based on the content of any documents he moves to restrict. The Court did not consider any documents outside Mr. Vora's Objection and the Magistrate Judge's Recommendation in reaching its conclusions. However, consistent with D.C.COLO.LCivR 7.2, the Court defers ruling on Mr. Vora's motions to restrict until issuing such a ruling is allowed under the Local Rule.